Jose Encarnacion CEDANO–VIERA, Petitioner,

v.

John D. ASHCROFT, U.S. Attorney General, Respondent.

No. 01–70622.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Filed March 26, 2003.

Amended April 7, 2003.

Mark Van Der Hout, Van Der Hout & Brigagliano, San Francisco, CA, for the petitioner.

M. Jocelyn Lopez Wright, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondent.

Before: TROTT, RYMER, and TALLMAN, Circuit Judges.

## ORDER

The opinion filed March 26, 2003, is amended as follows:

Slip opinion at 4373–4374 [2003 WL 1542642]: eliminating the final two paragraphs in Part II.

## OPINION

RYMER, Circuit Judge.

■ Jose Cedano–Viera is a native and citizen of Mexico who entered the United States as a lawful permanent resident (LPR) in April 1993. He was later convicted of Lewdness with a Child Under Fourteen Years of Age in violation of Nevada law. The Immigration & Naturalization Service (INS) initiated removal proceedings, charging that Cedano–Viera's conviction was an "aggravated felony"—"sexual abuse of a minor"—as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). The immigration judge (IJ) agreed, and the Board of Immigration Appeals (BIA) summarily affirmed the results of the IJ's decision pursuant to 8 C.F.R. § 3.1(a)(7).[1]

---

1. 8 C.F.R. § 3.1(a)(7)(ii) allows a single Board member to enter a Board order affirming the result of the IJ's decision if the result reached is correct; any errors are harmless or nonmaterial; and *either* the issue on appeal is squarely controlled by Board or federal circuit court precedent and does not involve application of precedent to a novel fact situation, *or* the factual and legal questions raised are so insubstantial that three-member review is not warranted. The Board's order cannot have reasons. In these circumstances, the

Cedano–Viera claims that the BIA's summary affirmance violated his due process right to appeal, and that the BIA did not comply with its own regulation in designating his case for "streamlining."[2] He also contends that his ineligibility for an INA § 212(h), 8 U.S.C. § 1182(h), waiver of inadmissibility as an LPR convicted of an aggravated felony offends principles of equal protection because non-legal permanent residents are treated differently.

Although a court of appeals has authority to review final removal orders under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1), Congress eliminated jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.[3] INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). In such cases, we have jurisdiction only to determine our jurisdiction, that is, to make sure as a matter of law that the alien's conviction qualifies as an aggravated felony under INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). We are satisfied that Cedano–Viera's conviction involved sexual abuse of a minor and meets the definition of "aggravated felony." Normally this would end the matter, but both Cedano–Viera and the government assert that we may consider his constitutional claims regardless of the fact that this court is divested of jurisdiction to review his order of removal.

■ We conclude that the court of appeals, having no jurisdiction to review Cedano–Viera's removal order because he was convicted of an aggravated felony, lacks jurisdiction to consider his constitutional challenges as well. As the Supreme Court has indicated and we have previously held, constitutional claims by aliens who are subject to removal as aggravated felons must be raised in the district court through habeas corpus proceedings. Accordingly, we dismiss the petition.

I

■ The government has moved to dismiss Cedano–Viera's petition on the ground that our jurisdiction is restricted by INA § 242(a)(1)(C), 8 U.S.C. § 1252(a)(2)(C), because Cedano–Viera was convicted of an aggravated felony and was ordered removed pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Cedano–Viera responds that we should decide whether the BIA's summary affirmance regulations are constitutional, or were properly applied to his case, because if not, then the BIA's decision affirming removability is also invalid. We disagree with Cedano–Viera's approach; it is well settled that we must resolve our jurisdiction first. *See, e.g., Flores–Miramontes,* 212 F.3d 1133, 1143 (9th Cir.2000).

■ We start with INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), because it provides that *"[n]otwithstanding any other provision of law,* no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA] section . . . 237(a)(2)(A)(iii)."* (Emphasis added). INA § 237(a)(2)(A)(iii), 8 U.S.C.

---

IJ's decision is the final agency decision for purposes of judicial review.

**2.** We ordered Cedano–Viera's appeal consolidated for purposes of oral argument with *Huerta Guevara v. Ashcroft,* No. 02–70454, and *Ramirez v. INS,* No. 02–71835, because they raise similar issues.

**3.** Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996) (IIRIRA), *as amended by* Act of October 11, 1996, Pub.L. No. 104–302, § 2, 110 Stat. 3656 (Oct. 11, 1996), *and* the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105–100, 111 Stat. 2160 (Nov. 19, 1997).

§ 1227(a)(2)(A)(iii), renders removable any alien who is convicted of an aggravated felony after admission into this country. The jurisdictional bar thus appears to apply to Cedano–Viera. However, a "narrow exception" exists that allows us to determine whether Cedano–Viera is actually removable; in other words, we may decide whether we have jurisdiction. *Flores–Miramontes,* 212 F.3d at 1135–36; *Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir.2000).

Cedano–Viera does not dispute that he is an alien who committed a criminal offense; the only question is whether his conviction is a qualifying "aggravated felony." Following a guilty plea, Cedano–Viera was convicted of Lewdness with a Child Under Fourteen Years of Age in violation of Nevada Revised Statute ("N.R.S.") § 201.230. He was sentenced to three to seven-and-one-half years of imprisonment (suspended) and was placed on probation for five years. In February 1999, the state court reduced Cedano–Viera's term of probation to twenty-six months, discharged him from probation, and expunged his conviction.

Meanwhile, the INS charged that Cedano–Viera was subject to removal in that he had been convicted of sexual abuse of a minor, which is an aggravated felony under INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). Cedano–Viera denied the charge. At his removal hearing, the INS introduced the amended criminal information to which Cedano–Viera pled guilty, and the judgment of conviction. The IJ did not accept Cedano–Viera's contention that "sexual abuse of a minor" must be defined as it is under federal criminal law. Instead, the IJ found that sexual conduct between an adult and a child has historically been criminalized, and is, *per se,* sexual abuse of a minor. Accordingly, he concluded that Cedano–Viera was removable and because of his

conviction, was ineligible for adjustment of status under INA § 245, 8 U.S.C. § 1255, and not able to receive a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h).

■ Cedano–Viera argues again to us that the state offense can be considered "sexual abuse of a minor" only if N.R.S. § 201.230 is no broader than the federal offense of Sexual Abuse of a Minor under 18 U.S.C. § 2243(a). However, we rejected the same argument in *United States v. Baron–Medina,* 187 F.3d 1144 (9th Cir. 1999). There, we held that a conviction under California law for committing a lewd or lascivious act on a child under the age of fourteen is an aggravated felony as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A), for purposes of a sentencing enhancement under the United States Sentencing Guidelines. Like Cedano–Viera, Baron–Medina argued that the federal sexual abuse laws limit the class of state laws reached by the term "sexual abuse of a minor" in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). We pointed out that Congress did not cross-reference any federal substantive offense in listing "sexual abuse of a minor" as an aggravated felony. Therefore, rather than adopt the federal definition, we held that we must interpret the term "by employing the 'ordinary, contemporary, and common meaning of the words that Congress used,'" and then determine whether or not the state statute falls within it. 187 F.3d at 1146 (quoting *Zimmerman v. Oregon Dep't of Justice,* 170 F.3d 1169, 1174 (9th Cir. 1999)); *see Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (embracing the categorical approach). We concluded that the conduct covered by the California statute falls within the common, everyday meanings of "sexual" and "minor," and that it punishes

"abuse" even though its reach is expansive. *Id.* at 1147.

The Nevada statute under which Cedano–Viera was convicted parallels the California statute at issue in *Baron–Medina*.[4] It follows in this case that, as we explained in *Baron–Medina*, "[t]he use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment, no matter its form." *Id.* (dictionary citations omitted). Accordingly, we conclude that Cedano–Viera's conviction qualifies as a conviction for "sexual abuse of a minor" and therefore is an aggravated felony.

 Cedano–Viera's other arguments fail as well. First, he contends that the term "sexual abuse of a minor" is ambiguous and so must be construed in his favor consistent with *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). However, as we held in *Baron–Medina*, the phrase is *not* ambiguous given its "ordinary, contemporary, and common meaning." 187 F.3d at 1147. Other circuits are in accord. *See Lara–Ruiz v. INS*, 241 F.3d 934, 942 (7th Cir.2001) (holding "that [INA] § 101(a)(43)(A) is not ambiguous" and rejecting petitioner's argument that the rule of lenity should be applied to determine the definition of "sexual abuse of a minor"); *United States v. Padilla–Reyes*, 247 F.3d 1158, 1164 (11th Cir.2001) (finding that "the plain meaning of [INA] § 101(a)(43) is unambiguous" and that "the phrase 'sexual abuse of a minor' is not ambiguous"); *United States v. Zavala–Sustaita*, 214 F.3d 601, 608 n. 11 (5th Cir.2000) ("Because we find that the phrase 'sexual abuse of a minor' is not ambiguous, we reject Zavala's argument that we should read the phrase narrowly under the rule of lenity."). *St. Cyr* does not suggest otherwise, for the Court was concerned with whether legislation can be applied retroactively when the Court stated that the intent of Congress must be communicated "with unmistakable clarity." *See St. Cyr*, 533 U.S. at 318, 121 S.Ct. 2271. No such rule applies to whether an offense is an aggravated felony.[5]

Next, Cedano–Viera argues that *Baron–Medina* was a criminal case that is not controlling in immigration cases. Yet we have relied upon *Baron–Medina* in the immigration context. *See Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir. 2002) (appeal of a BIA removal order);

---

**4.** At the time of Cedano–Viera's 1996 conviction, Nevada Revised Statute § 201.230(1) provided:

> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 10 years, and may be further punished by a fine of not more than $10,000.

At the time of Baron–Medina's conviction, California Penal Code § 288(a) read as follows:

> Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

**5.** Cedano–Viera argues in reply that the phrase "sexual abuse of a minor" is unconstitutionally vague, but we decline to consider new issues raised for the first time in a reply brief. *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir.1980).

*Chang v. INS,* 307 F.3d 1185, 1189 (9th Cir.2002) (describing categorical approach in *Baron–Medina* ); *Castro–Baez v. Reno,* 217 F.3d 1057, 1058–59 (9th Cir.2000) (appeal of a BIA removal order). Cedano–Viera also suggests that BIA precedent conflicts with *Baron–Medina* because the BIA held, in *Matter of K–V–D–,* 22 I & N Dec. 1163, 1999 WL 1186808 (BIA 1999), that the Fifth Circuit's ruling in a criminal case did not apply in the immigration context. While correct, the Board's position has changed since *K–V–D* was decided. The Board now determines whether an offense constitutes an aggravated felony by reference to decisional authority from the federal circuit court of appeals in which the case originates. *In re Yanez-Garcia,* 23 I & N Dec. 390, 2002 WL 993589 (BIA 2002). This means that for immigration judges, as well as for us, *Baron–Medina* controls when "sexual abuse of a minor" is at issue in cases arising in the Ninth Circuit.

■ Finally, Cedano–Viera argues that his offense does not constitute an aggravated felony because his conviction was expunged pursuant to Nevada law. However, this argument is foreclosed by *Murillo–Espinoza v. INS,* 261 F.3d 771, 773–74 (9th Cir.2001), where we held that expungement of a state conviction does not eliminate the immigration consequences of that conviction.

In sum, the offense for which Cedano–Viera was convicted under N.R.S. § 201.230 constitutes "sexual abuse of a minor" under INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A), and is, therefore, an aggravated felony. For this reason, we do not reach the government's alternative argument that his conviction constitutes an aggravated felony because it is a "crime of violence." *See* INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Also for this reason, we have no jurisdiction to review Cedano–Viera's final order of removal under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).

## II

■ Notwithstanding our lack of jurisdiction to review the final removal order, the government submits that we retain jurisdiction to reach Cedano–Viera's constitutional claims. These claims are that the BIA's "streamlining" regulation violates due process, that the immigration judge's decision to admit the criminal information violated due process, and that the availability of an INA § 212(h), 8 U.S.C. § 1182(h), waiver for non-LPRs, but not for LPRs, denies equal protection. The government argues that *Calcano–Martinez v. INS,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001), and *Webster v. Doe,* 486 U.S. 592, 603, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988), give us license to resolve these issues. However, we have already held that an appellate court does not retain jurisdiction to consider even substantial constitutional claims regarding removal orders covered by INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). *Flores–Miramontes v. INS,* 212 F.3d 1133 (9th Cir.2000); *Alfaro–Reyes v. INS,* 224 F.3d 916 (9th Cir.2000); *cf. Briseno v. INS,* 192 F.3d 1320, 1323 (9th Cir.1999) (dismissing constitutional claims under the Fifth and Eighth Amendments for lack of jurisdiction, and noting that it was not necessary to consider whether the court would retain jurisdiction over "colorable constitutional claims" arising under IIRIRA because petitioner presented none).

In *Flores–Miramontes,* the petitioner sought to challenge application of the BIA's filing deadline as a denial of his right to due process and access to the courts. Noting that we had recognized a "narrow exception" to the jurisdictional bar to determine whether jurisdiction exists, we rejected the INS's argument that

the court of appeals retained jurisdiction to consider whether substantial constitutional violations had occurred. 212 F.3d at 1135–36. In *Alfaro–Reyes*, the petitioners, who were each deportable because of a controlled substance conviction, claimed that their due process rights were violated by application of AEDPA and that their equal protection rights were violated when discretionary relief was denied to deportable criminal aliens while it was granted to similarly situated criminal excludable aliens. 224 F.3d at 916. In accord with *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999), which held that IIRIRA § 309(c)(4)(G) divests the court of appeals of jurisdiction to hear claims of *statutory* error on direct appeal from a decision of the BIA by aliens deportable because of convictions for specified criminal offenses, we held that the same provision also divests this court of jurisdiction to hear claims of *constitutional* error on direct appeal. *Id.* at 921–22. We explained that this is consistent with one of the central purposes of IIRIRA—to prioritize apprehension and removal of aliens involved in criminal activity, and that any potential due process concerns are alleviated by the availability of habeas corpus review for claims of both statutory and constitutional violations arising during deportation proceedings. *Id.*

Both Cedano–Viera and the government suggest that *Dillingham v. INS*, 267 F.3d 996 (9th Cir.2001), supports their view that we retain jurisdiction to hear constitutional claims. *Dillingham* involved an equal protection challenge arising out of the INS's refusal to recognize the effects of a foreign expungement statute on a simple drug possession offense that would have qualified for federal first offender treatment had it occurred in the United States. We entertained the challenge because we have jurisdiction to determine whether the facts relevant to jurisdiction exist—in that case, the key jurisdictional fact was whether the

alien still stood convicted of having committed a controlled substance offense. 267 F.3d at 1003. This, in turn, depended upon the legal question of whether the BIA's failure to recognize foreign expungements comported with equal protection. Thus, in *Dillingham* we did what we have just done in this case, exercise jurisdiction to decide whether we have jurisdiction; the constitutional issue there *was* the jurisdictional issue, which it is not here. Accordingly, *Dillingham* sheds no light on whether the jurisdictional bar applies to Cedano–Viera's constitutional claims.

The government argues that *Calcano–Martinez* "opens the door" for us to determine that IIRIRA's jurisdiction-stripping provisions do not divest the court of appeals of jurisdiction over substantial constitutional and related statutory questions. *Calcano–Martinez* was a companion case to *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). In *Calcano–Martinez*, LPRs subject to final orders of removal based on past criminal convictions filed a petition for review in the Second Circuit pursuant to 8 U.S.C. § 1252(a)(1), and a habeas petition in the district court pursuant to 28 U.S.C. § 2241, to challenge the BIA's determination that they were ineligible to apply for a discretionary waiver of deportation under former INA § 212(c), 8 U.S.C. § 1182(c). The court of appeals dismissed the petitions for lack of jurisdiction, and held that the aliens could pursue their constitutional and statutory claims in a district court. The Supreme Court upheld both rulings. In so doing, the Court noted with respect to the jurisdiction-stripping provision for aggravated felonies, INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C):

> The scope of this preclusion is not entirely clear. Though the text of the provision is quite broad, it is not without its ambiguities. Throughout this litigation, the Government has conceded that

the courts of appeals have the power to hear petitions challenging the factual determinations thought to trigger the jurisdiction-stripping provision (such as whether an individual is an alien and whether he or she has been convicted of an "aggravated felony" within the meaning of the statute). In addition, the Government has also conceded that the courts of appeals retain jurisdiction to review "substantial constitutional challenges" raised by aliens who come within the strictures of § 1252(a)(2)(C). As the petitions in this case do not raise any of these types of issues, we need not address this point further. Nonetheless, it remains instructive that the Government acknowledges that background principles of statutory construction and constitutional concerns must be considered in determining the scope of IIRIRA's jurisdiction-stripping provisions.

533 U.S. at 350 n. 2, 121 S.Ct. 2268 (citations to briefs omitted). The government relies heavily on this footnote, but we do not believe that it opens a door which our own precedent has closed. *Calcano–Martinez's* footnote does not overrule, or so severely undermine, *Flores–Miramontes* and *Alfaro–Reyes* that this panel is free to ignore their binding effect. Indeed, as we see it, the thrust of the opinion in *Calcano–Martinez,* together with the Court's opinion in *St. Cyr* (which cites *Flores–Miramontes* approvingly), is that jurisdiction over constitutional issues and statutory issues is withdrawn from the courts of appeals and that the place to resolve such

issues is in the district courts through habeas corpus.

We said as much in *Randhawa v. Ashcroft,* 298 F.3d 1148, 1154 (9th Cir.2002). After holding that the petitioner was an aggravated felon, we addressed Randhawa's argument that the BIA violated his due process rights by refusing to consider a late-filed brief and amended notice of appeal submitted after he obtained counsel. The government argued that the court did *not* have jurisdiction to consider the petitioner's due process claim if it determined that he was an aggravated felon. We agreed, citing *Calcano–Martinez,* 533 U.S. at 351–52, 121 S.Ct. 2268; *Randhawa,* 298 F.3d at 1154; *see also Taniguchi v. Schultz,* 303 F.3d 950 (9th Cir.2002) (holding that court of appeals lacks jurisdiction to consider dismissal of motion to reopen as untimely but has jurisdiction to consider constitutional challenges raised in habeas corpus petition); *Zavaleta–Gallegos v. INS,* 261 F.3d 951, 954 n. 3 (9th Cir.2001) (indicating that conclusion that courts of appeals retain jurisdiction to determine whether the jurisdictional bar applies is consistent with the first part of footnote 2).[6]

In addition to footnote 2 in *Calcano–Martinez,* the government relies on the Supreme Court's statement in *Webster* that jurisdictional statutes should not be construed to preclude judicial review of constitutional issues unless the statute explicitly says so. However, we found reliance on *Webster* unavailing in *Flores–Mir-*

---

**6.** Subsequent to *Calcano–Martinez* and *St. Cyr,* the Fourth and Seventh Circuits have held that constitutional challenges cannot be raised in a direct review petition and that appellate courts lack jurisdiction to consider even substantial constitutional claims. *See Ramtulla v. Ashcroft,* 301 F.3d 202, 203–04 (4th Cir.2002) (per curiam); *Bosede v. Ashcroft,* 309 F.3d 441, 445–46 (7th Cir.2002). In line with their pre-*Calcano–Martinez* ap-

proach, the Fifth and Eleventh Circuits have indicated that appellate courts do retain jurisdiction to review substantial constitutional challenges by aliens convicted of aggravated felonies. *See Balogun v. Ashcroft,* 270 F.3d 274, 278 n. 11 (5th Cir.2001); *Brooks v. Ashcroft,* 283 F.3d 1268, 1273 (11th Cir.2002). However, as we observed in *Flores–Miramontes,* this is an option that is not open in the Ninth Circuit. 212 F.3d at 1141, n. 11.

*amontes.* 212 F.3d at 1135. We explained that the *Webster* rule turned on the absence of any other available forum, which is not the case with respect to INA § 242(a)(2)(C), 8 U.S.C. § 1292(a)(2)(C), because all routes to the courthouse are not closed when there is an opportunity for habeas relief. *Id.* at 1136.

The government also suggests that reviewing substantial constitutional claims in the court of appeals comports with congressional intent. For this it points to INA § 242(b)(9), 8 U.S.C. § 1252(b)(9), the so-called "zipper clause," which provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

However, the government made and lost this same argument before this court in *Flores–Miramontes,* and before the Supreme Court in *St. Cyr.*

Finally, the government contends that this court may decide Cedano–Viera's related statutory claims pursuant to the *Ashwander* doctrine of avoiding constitutional questions by first deciding statutory questions. *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 341, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). We need not consider this point, however, as the doctrine has no relevance given that we may not reach constitutional questions on direct review.

### III

 Cedano–Viera also asks us to remand his case to the BIA in order to allow him to seek discretionary relief under INA § 212, 8 U.S.C. § 1182(c). We lack jurisdiction to consider this issue because it was not exhausted. *Singh–Bhathal v. INS,* 170 F.3d 943, 947 (9th Cir.1999).

### Conclusion

When an alien who seeks review of a final order of removal based on his conviction of an aggravated felony claims that his constitutional rights have been violated in proceedings before the immigration judge or the BIA, we must first determine whether the jurisdictional bar of INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), applies. We have jurisdiction to decide whether the alien is removable as an aggravated felon in order to resolve this question. If we conclude that the alien was convicted of an offense that qualifies as an "aggravated felony" under INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A), then the court of appeals has no jurisdiction to review constitutional claims.

Having concluded that Cedano–Viera is removable on account of his conviction for an offense that falls within the definition of "aggravated felony," the jurisdictional bar erected by INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), precludes our review of his claims that the BIA streamlining regulation offends due process and that INA § 212(h), 8 U.S.C. § 1182(h), denies equal protection to LPRs. Accordingly, the government's motion to dismiss the petition is granted.

PETITION DISMISSED.